UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CROP PROTECTION PRODUCTS LOYALTY
PROGRAM ANTITRUST LITIGATION                           MDL No. 3062

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in seven Southern District of Indiana actions move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Indiana. This litigation involves allegations that defendants engaged in anticompetitive conduct in the operation of their customer loyalty programs for certain pesticides (i.e., insecticides, herbicides, and fungicides). Plaintiffs' motion includes ten actions pending in two districts, as listed on Schedule A, as well as ten potentially-related actions in three districts.[1]

Plaintiffs in the Southern District of Indiana *Jenkins* action and five Southern District of Indiana potential tag-along actions support the motion. Plaintiffs in both Middle District of North Carolina actions and two potential tag-along actions pending in the district oppose centralization and, instead, urge Section 1404 as an alternative to transfer. Alternatively, these plaintiffs suggest a Middle District of North Carolina transferee district. Defendants[2] support centralization in the Middle District of North Carolina.

After considering the argument of counsel, we find that centralization of these actions in the Middle District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. There is no dispute that these actions arise from similar allegations that producers of crop protection products (*i.e.*, pesticides) Syngenta and Corteva (and, in the moving Southern District of Indiana plaintiffs' complaints, certain BASF entities) entered into loyalty program agreements with major distributors and retailers to illegally foreclose market entry by generic pesticide competitors. Plaintiffs bring claims for violations of Sections 1 and 2 of the Sherman Act, violations of state antitrust and consumer protection laws,

---

[*] Judge David C. Norton took no part in the decision of this matter.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Corteva, Inc., CHS Inc., Nutrien Ag Solutions, Inc., Helena Agri-Enterprises LLC, BASF SE, BASF Corp. and BASF Agricultural Products Group.

and for unjust enrichment. Discovery among the actions will be highly similar.  Pretrial motions in all cases, including motions for class certification and *Daubert* motions, also can be expected to be substantially similar.  Centralization affords the parties and the judiciary substantial efficiencies by streamlining pretrial proceedings and reducing the risk of potentially inconsistent pretrial rulings and other obligations.  With the relative infancy of the actions, the likelihood of additional tag-along actions, and the unanimous support of the parties to have all actions proceeding together (though some prefer that happen via Section 1404 transfer), centralization appears merited.

Responding Middle District of North Carolina plaintiffs oppose centralization, arguing that Section 1404 is a preferable alternative to formal centralization under Section 1407.  Defendants moved to transfer the Southern District of Indiana actions to the Middle District of North Carolina on the same day movants filed their motion to centralize.  The Section 1404 motion, however, recently was denied without prejudice.  Defendants themselves support centralization.  Given the fact that ten potential tag-along actions already have been filed in three districts, it seems likely that more tag-along actions will be filed.  We view this potential for more tag-along actions and the uncertainty of the result and timing of rulings on any future Section 1404 transfer motions as tipping the balance in favor of centralizing this complex antitrust litigation.

Some plaintiffs support a Southern District of Indiana transferee forum because the Seventh Circuit has a more developed body of caselaw concerning antitrust standing of purchasers in the vertical conspiracy context.  But we have long held that "[w]hen determining whether to transfer an action under Section 1407 . . . it is not the business of the Panel to consider what law the transferee court might apply." *In re: General Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 (J.P.M.L. 1988).  We see no reason to depart from this practice here.

We are persuaded that the Middle District of North Carolina is the appropriate transferee district for these cases.  The actions now before us arise in the wake of a case filed on September 29, 2022, by the FTC and ten state attorneys general, which challenged as anticompetitive certain "loyalty programs" (*i.e.*, programs that provide price discounts for meeting certain requirements) operated by agriculture manufacturers Corteva and Syngenta concerning the sale of pesticides. The Government plaintiffs alleged that the programs incentivize distributors of all sizes, through discounts, to purchase more crop protection products from those manufacturers to the exclusion of generic competitors.  *See FTC et al. v. Syngenta Crop Protection AG, et al.*, No. 22-cv-828-TDS-JEP, DE No. 1 (M.D.N.C. Sept. 29, 2022 (pending before J. Thomas D. Schroeder).  The Middle District of North Carolina has other significant ties to the litigation.  According to defendants, the decision-makers for Syngenta's rebate program are in North Carolina, and many of its relevant employees and documents likely will be found in North Carolina.  BASF's agricultural products business, which operates the BASF loyalty programs at issue in those complaints naming BASF, also is based in North Carolina.  BASF has over 1,000 employees in North Carolina, including 947 personnel in BASF's agricultural products business.  Judge Thomas D. Schroeder likely has the most familiarity with the factual and legal issues in this controversy, and we are confident that he will steer this matter on a prudent course.  Further, assigning this litigation to Judge Schroeder facilitates the close coordination between the enforcement action and the private MDL litigation.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Middle District of North Carolina are transferred to the Middle District of North Carolina and, with the consent of that court, assigned to the Honorable Thomas D. Schroeder for coordinated or consolidated proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton   Matthew F. Kennelly
Roger T. Benitez      Dale A. Kimball
Madeline Cox Arleo

**IN RE: CROP PROTECTION PRODUCTS LOYALTY
PROGRAM ANTITRUST LITIGATION**                MDL No. 3062

## SCHEDULE A

<u>Southern District of Indiana</u>

JENKINS v. CORTEVA, INC., ET AL., C.A. No. 1:22−01976
CHUCK DAY FARMS PARTNERSHIP v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02222
BRADLEY DAY FARMS v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02223
DANNY DAY, JR. FARMS, ET AL. v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02225
SHELBY FARMS, LLC, ET AL. v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02226
M AND M FARMS PARTNERSHIP, ET AL. v. SYNGENTA CROP PROTECTION AG, ET
    AL., C.A. No. 1:22−02227
HYS FARMS, LLC v. SYNGENTA CROP PROTECTION AG, ET AL., C.A. No. 1:22−02229
SCOTT DAY FARMS v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02230

<u>Middle District of North Carolina</u>

ANDERSON v. SYNGENTA CROP PROTECTION AG, ET AL., C.A. No. 1:22−00858
CROSCUT v. SYNGENTA CROP PROTECTION AG, ET AL., C.A. No. 1:22−00899